UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                    Civil No. 1:21-CV-99

vs.

$14,950.00 UNITED STATES CURRENCY,

    Defendant.
_____/

**VERIFIED COMPLAINT FOR FORFEITURE IN REM**

NOW COMES Plaintiff, United States of America, by and through its attorneys, Andrew Byerly Birge, United States Attorney for the Western District of Michigan, and Daniel T. McGraw, Assistant United States Attorney, and states upon information and belief that:

**NATURE OF THE ACTION**

1. This is a civil forfeiture action filed pursuant to 21 U.S.C. § 881(a)(6) and Supplemental Rule G(2) of the Federal Rules of Civil Procedure to forfeit and condemn to the use and benefit of the United States of America $14,950.00 United States Currency (the "Defendant Currency").

**THE DEFENDANT IN REM**

2. The Defendant Currency consists of $14,950.00 in United States currency that was seized on or about August 19, 2020, by the United States Postal Inspection Service ("USPIS") in Battle Creek, Michigan. The Defendant Currency is currently in the custody of the USPIS.

1

## JURISDICITON AND VENUE

3. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1345 and 1355(b)(1)(A), because this action is being commenced by the United States of America as Plaintiff, and the acts giving rise to the basis for forfeiture occurred in this judicial district.

4. Venue is proper before this Court pursuant to 28 U.S.C. § 1355(b)(1) because the acts or omissions giving rise to forfeiture occurred in this judicial district, and/or pursuant to 28 U.S.C. § 1395(b), because the Defendant Currency was found within this judicial district.

## BASIS FOR FORFEITURE

5. As set forth below, the Defendant Currency is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6) because it constitutes (1) money, negotiable instruments, securities and other things of value furnished or intended to be furnished in exchange for a controlled substance; and/or (2) proceeds traceable to such an exchange; and/or (3) money, negotiable instruments, and securities used or intended to be used to facilitate a violation of the Controlled Substances Act, 21 U.S.C. §§ 841, 846.

## FACTS SUPPORTING FORFEITURE

6. On August 12, 2020, while conducting routine parcel monitoring, postal inspectors identified and intercepted two suspicious United States Postal Service ("USPS") parcels bound for Battle Creek, Michigan with return addresses in Texas:

   a. <u>Subject Parcel One</u>: addressed to "Paige and Amy Rochon, 45 Randolph Street, Battle Creek, Michigan 49015," return address "Jackie Simms,

2

    1205 South L 1/2, Harlinglen, Texas 78550," tracking number ending 1987; and

 b. <u>Subject Parcel Two</u>: addressed to "Paige and Amy Rochon, 45 Randolph Street, Battle Creek, Michigan 49015," return address "Kristal Anderson, 625 Carol Street, San Benito, Texas 78586," tracking number ending 1970.

(hereinafter collectively referred to as the "Subject Parcels").

 7. Utilizing postal and law enforcement databases, postal inspectors determined that the return addresses on Subject Parcels One and Two were legitimate addresses, but that those addresses were not associated with Jackie Simms nor Kristal Anderson. Similarly, investigators determined that the delivery address, 45 Randolph Street, Battle Creek, Michigan, was a legitimate address, but that this address was not associated with Paige or Amy Rochon.

 8. Investigators then utilized a Michigan State Police ("MSP") narcotic detecting K9 to conduct a controlled substance detection test. The K9 positively alerted to the Subject Parcels containing controlled substances.

 9. Based on this information, investigators sought and received a federal search warrant for Subject Parcels One and Two, authorized by U.S. Magistrate Judge Ray Kent, Case No. 1:20-mj-334.

 10. On August 17, 2020, pursuant to the federal search warrant, investigators searched the Subject Parcels. Subject Parcel One contained approximately 978 grams of cocaine, and Subject Parcel Two contained approximately 493 grams of cocaine.

 11. Cocaine is a Schedule II controlled substance.

12. Investigators re-packaged the Subject Parcels and orchestrated a controlled delivery at the delivery address, 45 Randolph Street, Battle Creek, Michigan, to further the investigation.

13. On August 19, 2020, approximately 13 minutes after the Subject Parcels were delivered, and during surveillance of 45 Randolph Street, Battle Creek, Michigan, investigators observed Romell Bolden arrive at the residence in a dark grey Jeep Grand Cherokee with Illinois license plates and retrieve Subject Parcels One and Two from the front porch of the residence. At the same time, investigators observed Isaiah Flemming arrive at the residence driving a white Ford sedan with Illinois plates.

14. Investigators detained Bolden and Flemming. On the driver's side floorboard of Bolden's vehicle, investigators found Subject Parcels One and Two. On the front passenger seat in Flemming's vehicle, investigators found the Defendant Currency, $14,950 in United States Currency, banded together with a large rubber band.

15. Flemming listed 45 Randolph Street, Battle Creek, Michigan as the residence on his Michigan Driver's License. Flemming stated that 45 Randolph Street is his father's residence and that he stays there on occasion.

16. Flemming gave investigators consent to search the residence and provided investigators with a key to enter the residence. In one of the bedrooms, investigators found a ceramic plate with white powdery residue on it, which field tested positive for cocaine.

17. Investigators counted the Defendant Currency and determined it was comprised of the following denominations: fourteen (14) $100 bills; seventeen (17) $50 bills; and six-hundred-thirty-five (635) $20 bills.

18. Street-level controlled substance sales often involve denominations of $20 bills or lower.

19. Based on a review of law enforcement databases, Flemming has previously been convicted of a controlled substance offense:

   a. On or about May 14, 2015, in the 10th District Court for Calhoun County, Flemming was convicted of controlled substance – possession of marijuana or synthetic equivalents, and sentenced to 4 days in jail and a $75 fine, case number C152862.

20. Based on a review of law enforcement databases, Bolden has previously been convicted of the following controlled substance offenses:

   a. On or about January 13, 2016, in the 37th Circuit Court for Calhoun County, Bolden was convicted of felony controlled substance – delivery/manufacture marijuana/synthetic equivalents, and sentenced to 24 months of probation and a $1,040 fine, case number 15-2122.

   b. On or about May 4, 2017, in the 37th Circuit Court for Calhoun County, Bolden was convicted of felony possession of marijuana, 2nd or subsequent offense, and sentenced to 22 days in jail and a $198 fine, case number 17-778.

21. Upon information and belief, the Defendant Currency was furnished, or intended to be furnished, in exchange for drugs, constitutes the proceeds of drug trafficking, and/or was being used to facilitate violations of 21 U.S.C. §§ 841 and 846.

**CLAIM I**

22. Plaintiff hereby re-alleges paragraphs 1 – 21, as referenced above.

23. The Defendant Currency is forfeitable to the United States pursuant to

21 U.S.C. § 881(a)(6) because it constitutes money furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of 21 U.S.C. Chapter 13, Subchapter I.

## CLAIM II

24. Plaintiff hereby re-alleges paragraphs 1 – 21, as referenced above.

25. The Defendant Currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6) because it constitutes proceeds traceable to an exchange of controlled substances in violation of 21 U.S.C. Chapter 13, Subchapter I.

## CLAIM III

26. Plaintiff hereby re-alleges paragraphs 1 – 21, as referenced above.

27. The Defendant Currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6) because it constitutes money used or intended to be used to facilitate a violation of 21 U.S.C. Chapter 13, Subchapter I.

## REQUESTED RELIEF

Wherefore, the United States requests that the Court issue a warrant for the arrest of the Defendant Currency; that due notice be given to all interested parties to appear and show cause why forfeiture to the United States of America should not be decreed; and that the Defendant Currency be condemned and forfeited to the United States of America and be delivered into the custody of the United States Postal Inspection Service for disposition according to law; and for such other relief as this Court may deem just and proper.

ANDREW BYERLY BIRGE
United States Attorney

Dated: January 29, 2021

*[signature]*

DANIEL T. McGRAW
Assistant United States Attorney
P.O. Box 208
Grand Rapids, MI 49501-0208
(616) 456-2404

## VERIFICATION

I am a Postal Inspector of the United States Postal Inspection Service with personal involvement in this investigation.

I have read the contents of the foregoing Verified Complaint for Forfeiture In Rem, and the statements contained therein are true to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: 01/29/2021

JOSHUA PERMODA
Postal Inspector
United States Postal Inspection Service